UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALESIA SHEFFIELD,                                    Case No. 22-12160

      Plaintiff,                                    F. Kay Behm
v.                                                   United States District Judge

DREAMERS HOMECARE AND
STAFFING, LLC,

      Defendant.
_____ /

**OPINION AND ORDER ON DEFENDANT'S MOTION TO DISMISS**
**FOR FAILURE TO PROSECUTE AND FOR SANCTIONS (ECF No. 16)**

      This case is before the court on Defendant Dreamers Homecare and

Staffing, LLC's ("Dreamers") motion to dismiss for failure to prosecute and for

sanctions.  (ECF No. 16).  The claims underlying this case stem from the alleged

sexual harassment and retaliation Plaintiff Alesia Sheffield ("Sheffield") was

subjected to while she was employed as a caregiver at Dreamers.  (ECF No. 1).

Dreamers' current motion is based on "a pattern of plaintiff's, or her counsel's

disregard of court hearings and court rules concerning discovery," including three

key occurrences: (1) Sheffield's counsel's failure to appear at an in-person

scheduling conference before Chief Judge Sean F. Cox,[1] (2) Sheffield's counsel's

failure to appear at a telephonic status conference before Magistrate Judge

Kimberly G. Altman, and (3) the adjournment of and later failure to appear at

Sheffield's continued deposition.  (ECF No. 16, PageID.60).  Dreamers argues

these "repeated actions by plaintiff's counsel [] have interfered with this case and

forced defendant to incur unnecessary expenses," and asks the court to dismiss

the case in its entirety for failure to prosecute and award their fees and costs.  *Id.*,

PageID.72-73.

## I.    FACTUAL BACKGROUND

While the bulk of Dreamers' motion appears to be focused on the

circumstances surrounding Sheffield's deposition, it also addresses two previous

instances in which Sheffield's counsel failed to appear at conferences before this

court.  On January 3, 2023, Sheffield's counsel failed to appear at an in-person

scheduling conference before Chief Judge Cox.  (*See* Minute Entry, January 3,

2023) ("Scheduling Conference held on 1/3/2023. Disposition: Plaintiff's counsel

did not appear.").  On March 21, 2023, Sheffield's counsel again failed to appear

at a telephonic status conference before Magistrate Judge Altman.  (*See* Minute

---

[1] This case was initially before Chief Judge Cox, but was reassigned to the undersigned on February 6, 2023.

Entry, March 21, 2023) ("Telephonic Status Conference held on 3/23/23 (Plaintiff's counsel did not appear)").  Sheffield's counsel admits these conferences were missed because of "calendaring issues" and, since these errors, "Plaintiff['s] counsel implemented a new calendar application and sent both assistants to training on the same to reduce missed hearings and depositions." (ECF No. 20, PageID.169).  Sheffield also argues her counsel's appearance at these hearings would not have changed their outcome and "did not affect Defendant's ability to litigate its case."  *Id.*  Notably, the scheduling conference still occurred in Sheffield's counsel's absence and a scheduling order was entered pursuant to the parties' Joint Rule 26(f) Report.  (*See* ECF No. 8).

On March 8, 2023, Dreamers' counsel noticed Sheffield's deposition for Wednesday, April 19, 2023 at 10:00 am.  (ECF No. 16-4, Notice of Deposition of Plaintiff).  All relevant parties appeared at this deposition and conducted "approximately two and a half hours of questioning."  (ECF No. 16, PageID.60).  At that point, Dreamers argues "plaintiff's counsel unilaterally terminated the deposition after returning from a lunch break and refused to allow counsel for defendant to conclude the deposition."  *Id.*  Sheffield does not dispute that the deposition was halted, but she argues this was after Dreamers' counsel presented her with "45 pages of what looked like transcribed texts between Plaintiff and

Defendant's brother, Owusu" for the first time and sought to question Sheffield

about their contents.  (ECF No. 20, PageID.163).  Dreamers' counsel

acknowledged that these documents had not previously been produced because

he had just received them the prior day.[2]  (ECF No. 21, PageID.186); (*see also* ECF

No. 16-5, PageID.82, Sheffield Deposition Transcript, April 19, 2023) ("I said we

just got them.  Actually, they were Bates-stamped about 15 minutes before the

deposition started.").  While Sheffield and her attorney were given an hour break

to review the approximately 45 pages of documents, Sheffield argues "[t]he

format of the texts were not uniform nor did they appear to have come from the

app from which they were purported to be, and it was unclear who transcribed

the texts" and, as a result, she "terminated the deposition in order to be able to

evaluate the documents provided for the first time during the deposition,

particularly given what was being suggested in the text messages and its

relationship to this case."  (ECF No. 20, PageID.164).  Dreamers' counsel generally

objected to terminating or adjourning the deposition and argued that "walking

---

[2] The court notes that it appears these text messages were originally requested from Sheffield as part of Dreamers' first request for documents.  (*See* ECF No. 21-3, PageID.199) ("11. All communications including but not limited to emails, **text messages**, **WhatsApp messages**, and Facebook messages **between you and Matthew Owusu** from January 1, 2019 to present.") (emphasis added).  While Sheffield purported to attach the relevant documents ("See attached."), Dreamers argues these documents were not actually produced.  (ECF No. 21, PageID.186) ("plaintiff produced no documents responsive to that request.  Thus, defendant had to obtain the records directly from Mr. Owusu.").

out of a deposition because counsel wants more time to review an exhibit is not an appropriate reason to interrupt the proceeding." (ECF No. 16, PageID.61). However, the parties eventually reached an agreement to suspend the deposition and resume it at a later date. *Id.*; *see also* ECF No. 20, PageID.164; ECF No. 16-5, PageID.82-83 ("We gave the witness about an hour to review them with her attorney, and I've been informed by plaintiff's counsel that the witness is not going to be answering any questions about it and that the deposition will be adjourned.").

On April 26, 2023, Dreamers noticed Sheffield's continued deposition for Wednesday, May 3, 2023 at 10:00 am. (ECF No. 16-8, Notice of Continued Deposition of Plaintiff). Dreamers argues that their counsel, along with Sheffield herself, appeared for the deposition, but Sheffield's counsel did not appear. (ECF No. 16, PageID.62). At approximately 11:00 am on May 3rd, an hour after the deposition was set to begin, Sheffield's counsel contacted Dreamers' counsel by phone and informed him that she could not attend due to a scheduling conflict. *Id.* Sheffield's counsel admits the deposition had been "rescheduled but not calendared because the assistant assigned to the file was just returning from vacation on the date the notice was sent and had not caught up with her emails." (ECF No. 20, PageID.164).

## II.   RELEVANT LEGAL STANDARDS

Dreamers argues the relief they are seeking in this motion is permitted under three specific Federal Rules of Civil Procedure: Rule 16(f), Rule 37, and Rule 41.  (ECF No. 16, PageID.66-67).  Rule 16 governs pretrial conferences, scheduling, and general case management.  Fed. R. Civ. P. 16.  Subsection (f) states, in part: "[o]n motion or on its own, the court may issue any just orders…if a party or its attorney fails to appear at a scheduling or other pretrial conference."  Fed. R. Civ. P. 16(f).  Further, "[i]nstead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses – including attorney's fees – incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust."  *Id*.  Rule 37 sets forth the sanctions or other consequences for a party's failure to participate in discovery, including a "party's failure to attend its own deposition."  Fed. R. Civ. P. 37(d).  These sanctions "may include any of the orders listed in Rule 37(b)(2)(A)(i)" and the court may also "require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the failure was substantially justified or other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(d)(3).  Under either Rule 16 or Rule 37, the district court

generally has the discretion to impose sanctions in the form it deems reasonably necessary including, in the most extreme cases, dismissal.  *See Davis v. Marathon Oil Co.*, 528 F.2d 395, 403 (6th Cir. 1975) ("A trial court has broad discretion in its choice of sanctions for failure to comply with discovery orders and, in appropriate circumstances, it may even dismiss the case."); *Bawle v. Rockwell Int'l Corp.*, 79 F. App'x 875, 878 (6th Cir. 2003) (citing E.D. Mich. LR 16.2(c)) ("a district court has broad latitude to impose 'appropriate sanctions' on a party for failing to cooperate in preparing or submitting the joint final pretrial order.")

Finally, Rule 41 provides the standards for dismissal of an action, including involuntary dismissal for failure to prosecute.  Fed. R. Civ. P. 41.  It states, in part: "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision…operates as an adjudication on the merits."  Fed. R. Civ. P. 41(b).  While Rule 41 gives a court the discretion to dismiss a case based on a failure to prosecute, it has been noted that "the sanction of dismissal with prejudice 'deprives a plaintiff of his day in court due to the inept actions of his counsel,'" and the Sixth Circuit has "expressed an extreme reluctance to uphold the dismissal of a case merely to discipline a party's attorney."  *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 590

(6th Cir. 2001) (citing *Patterson v. Grand Blanc Township*, 760 F.2d 686, 688 (6th

Cir. 1985); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).

### III.   ANALYSIS

Dreamers asks the court to award two forms of relief for Sheffield's

counsel's alleged failure to appear at two conferences before the court and at

Sheffield's continued deposition: (1) dismissal of the case with prejudice, and/or

(2) fees and costs in the amount of $6,500.  (ECF No. 16, PageID.72).  The court

will address each form of relief in turn.

### A.   Dismissal with Prejudice

There is no question that, under Sixth Circuit precedent, this court has the

discretion to order dismissal of Sheffield's case with prejudice pursuant to Rules

16, 37, or 41.  The Sixth Circuit generally considers four factors in deciding

whether dismissal is appropriate: "(1) whether the party's failure is due to

willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the

dismissed party's conduct; (3) whether the dismissed party was warned that

failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions

were imposed or considered before dismissal of the action."  *Mulbah*, 261 F.3d at

589 (citations omitted).  However, where the plaintiff's attorney's conduct forms

the basis of the motion, these factors have been applied more stringently.  *See*

*Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 367 (6th Cir. 1997).  "'Dismissal of an action for an attorney's failure to comply' should only be ordered where there is 'a clear record of delay or contumacious conduct.'"  *Id.*; *see also Carter v. City of Memphis, Tenn.*, 636 F.2d 159, 161 (6th Cir. 1980) ("The sanction of dismissal is appropriate only if the attorney's dilatory actions amounted to a failure to prosecute and no alternative sanction would protect the integrity of pre-trial procedures.").

In this case, the relevant conduct is limited to Sheffield's counsel's failure to appear on three separate occasions.  (ECF No. 16, PageID.60).  As to the first factor, "whether the party's failure is due to willfulness, bad faith, or fault," there are no allegations that Sheffield's counsel acted willfully or in bad faith when failing to appear at any of the relevant conferences.  *Mulbah*, 261 F.3d at 589. Sheffield's counsel admits her failure to appear on each occasion was due to a calendaring issue with her assistant.  (ECF No. 20, PageID.152 ("Admit that counsel for Plaintiff did not appear because counsel's assistant calendared an earlier time…"); PageID.164 ("Plaintiff's deposition had been rescheduled but not calendared because the assistant assigned to the file was just returning from vacation on the date the notice was sent and had not caught up with her emails.")).  As to the second factor, "whether the adversary was prejudiced by the

9

dismissed party's conduct," Dreamers argues they were prejudiced by having to "unnecessarily expend time and resources on this matter due to plaintiff's conduct."  (ECF No. 16, PageID.70); *Mulbah*, 261 F.3d at 589.  However, Sheffield argues the two court conferences went on as scheduled (although Dreamers argues they were "cut short after plaintiff's counsel failed to appear"), and the parties were able to conduct two and a half hours of questioning at the initial deposition before it was cut short.  (ECF No. 16, PageID.60).

The third factor asks "whether the dismissed party was warned that failure to cooperate could lead to dismissal."  *Mulbah*, 261 F.3d at 589.  Sheffield's counsel was informed by Dreamers' counsel that he planned to file a motion to dismiss following the missed deposition, she had an opportunity to file a response to Dreamers' motion, and she appeared at a status conference with the court on May 18, 2023 where Dreamers discussed their request for dismissal.  (*See* ECF No. 18).  However, the Sixth Circuit has previously focused their analysis of this element on whether the court *itself* previously "put the derelict parties on notice that further noncompliance would result in dismissal," such as by "impos[ing] any alternative sanctions…levying a fine, barring [them] from participating in oral argument, or any other disciplinary action."  *Mulbah*, 261 F.3d at 593 (citing *Vinci v. Consol. Rail Corp.*, 927 F.2d 287, 288 (6th Cir. 1991) (quoting *Harris v. Callwood*,

844 F.2d 1254, 1256) (6th Cir. 1988))).  As such, while Sheffield's counsel was certainly made aware that dismissal was possible following the filing of Dreamers' motion, the court did not specifically impose any other sanctions on her for the alleged underlying conduct.  The fourth factor similarly asks "whether less drastic sanctions were imposed or considered before dismissal of the action."  *Id.* at 589. Again, while the court warned Sheffield's counsel of the consequences of missing conferences and depositions at the status conference on May 18, 2023, no sanctions have previously been imposed.

While the court recognizes the trend of Sheffield's counsel failing to attend proceedings associated with this case, her conduct did not rise to the level of "contumacious" and appears to have been an inadvertent mistake on each occasion.  *See Knoll*, 176 F.3d at 363 ("it is said that a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.").  "[I]n the absence of contumacious conduct, an alternate sanction that would protect the integrity of pretrial procedures should be utilized rather than dismissal with prejudice."  *Freeland v. Amigo*, 103 F.3d 1271, 1280 (6th Cir. 1997). Consistent with the Sixth Circuit's policy "which favors disposition of cases on their merits" rather than on a technicality, the court declines to dismiss Sheffield's action as a result of the noted incidents, and will instead consider the other relief

requested in Dreamers' motion.  *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir.

1993).

     B.    <u>Costs and Monetary Sanctions</u>

    In addition to dismissal with prejudice, Dreamers' motion asks the court to

award sanctions in the amount of $6,500 "to compensate defendant for the costs

and attorney fees incurred preparing for the court hearings and depositions that

were not completed due to plaintiff's counsel's conduct, preparing the instant

motion, as well as third party expenses such as court reporter fees [they] had to

incur."  (ECF No. 16, PageID.72).  Following a request from the court, Dreamers'

counsel submitted his full billing statements for the relevant portions of this case.

(ECF No. 21-4, Detail Transaction File List).  Dreamers' counsel argues these

statements reveal that "the total fees and costs spent on issues related to

plaintiff's counsel's actions total approximately $10,600 – exceeding the $6,500

sanctions requested in defendant's original motion based on a conservative

estimate."  (ECF No. 21, PageID.188).

    The court has discretion to award monetary sanctions here under three

relevant rules: Fed R. Civ. P. 37, Fed. R. Civ. P. 16(f), and E.D. Mich. LR 11.1.  Fed.

R. Civ. P. 37 deals directly with discovery, and states that a party, attorney, or

both, may be required to "pay the reasonable expenses, including attorney's

fees" caused by a failure to appear at a deposition.  Fed. R. Civ. P. 37(d)(1)(A)(i).  A

number of courts have authorized sanctions under this Rule where a plaintiff was

present at a scheduled deposition, but their counsel failed to appear.  *See, e.g.,*

*Robles v. Green Bay Educ. Ass'n*, 295 F.R.D. 301, 301 (E.D. Wis. 2013) (moving for

sanctions based on plaintiff's counsel's failure to appear at the plaintiff's

deposition due to a new scheduling system in his office and a failure to update his

calendar with the relevant date and time); *Evans v. Taylorsville City*, No. 2:06-CV-

631-TS-PMW, 2009 WL 10728297, at *1 (D. Utah Apr. 17, 2009) (moving for

sanctions based on plaintiff's counsel's failure to appear at a deposition because

he was "violently ill.").  While Rule 37 permits the court to issue sanctions against

a party or their attorney, it "does not provide for sanctions against a law firm."

*NPF Franchising, LLC v. SY Dawgs, LLC*, 37 F.4th 369, 383 (6th Cir. 2022) (citing

*Chevron U.S.A. v. Echazabal*, 536 U.S. 73, 81 (2002)).  Fed. R. Civ. P. 16(f) states:

"the court must order the party, its attorney, or both to pay the reasonable

expenses – including attorney's fees" if a party or its attorney "(A) fails to appear

at a scheduling or other pretrial conference; (B) is substantially unprepared to

participate – or does not participate in good faith – in the conference; or (C) fails

to obey a scheduling or other pretrial order."  Fed. R. Civ. P. 16(f)(1), (2).  E.D.

Mich. LR 16.1 mirrors this rule, stating: "[i]f counsel for a party or a party without

counsel fails to appear at a pretrial conference, the Judge may impose sanctions
as appear proper, including costs…"  E.D. Mich. LR 16.1(d).  Finally, E.D. Mich. LR
11.1 states that "[i]f, after notice and a reasonable opportunity to respond, the
Court determines that a provision of these Local Rules has been knowingly
violated, the court may impose an appropriate sanction upon the attorneys, law
firms, or parties that have violated the Local Rule or are responsible for the
violation."  Under this rule, the procedures are the same as for imposing sanctions
under Fed. R. Civ. P. 11(c), except that "references in 11(c) to violations of 'Rule
11(b)' are deemed to be references to violations of the Local Rules."  *Id.*  Under
Fed. R. Civ. P. 11(c)(1), "[a]bsent exceptional circumstances, a law firm must be
held jointly responsible for a violation committed by its partner, associate, or
employee."

Under any rule allowing for monetary sanctions, the "first and most
important factor is deterrence."  *Lucero ex rel. Lucero v. Detroit Pub. Sch.*, No. 01-
CV-72792-DT, 2005 WL 1983077, at *2 (E.D. Mich. Aug. 15, 2005); *see also* Fed. R.
Civ. P. 11(c)(4) ("[a] sanction imposed under this rule must be limited to what
suffices to deter repetition of the conduct or comparable conduct by others
similarly situated.").  "Second, sanctions are meant to compensate the party
receiving the award for expenses incurred in litigating the improperly filed suit

and the sanctions motion." *Id.* The court must balance these two factors, along

with the sanctioned party's ability to pay. *Mohlman v. Deutsche Bank Nat'l Tr.*

*Co.*, No. CV 15-11085, 2015 WL 13388566, at *3 (E.D. Mich. Sept. 3, 2015), *report*

*and recommendation adopted*, No. 15-11085, 2015 WL 6859669 (E.D. Mich. Nov.

9, 2015). All things considered, district courts generally have "broad discretion in

determining when a sanction is warranted and what sanction is appropriate."

*Nieves v. City of Cleveland*, 153 F. App'x 349, 352 (6th Cir. 2005).

       i.    *Appropriate Sanctions under Federal Rule of Civil Procedure 37*

Dreamers argues they were forced to "waste time and resources twice

preparing for plaintiff's deposition only to have plaintiff's counsel either fail to

appear or interrupt the proceeding without good cause." (ECF No. 16, PageID.70).

Additionally, at Sheffield's continued deposition, Dreamers argues they "incurred

court reporter charges in the amount of $377.44 caused by plaintiff's no-show

and having to place a statement on the record." *Id.*; *see also* ECF No. 16-10, U.S.

Legal Support Invoice. The court agrees that, while Sheffield's counsel's failure to

appear may have been due to a calendaring error, it caused Dreamers to incur a

significant amount of expenses and attorney fees. The court declines to award

any fees relating to the initial deposition, as both parties' attorneys were in

attendance and were able to productively conduct "approximately two and a half

hours of questioning."  *Id.*, PageID.60.  However, pursuant to Fed. R. Civ. P. 37, the

court requires Sheffield's counsel of record, Carla D. Aikens and LaTasha

Brownlee, to pay a total of $864.90 in costs and fees to Dreamers.  This

represents half of the time Dreamers spent preparing for the continued

deposition, 1.5 hours at $325/hour,[3] plus the cost of the court reporter scheduled

for the continued deposition, $377.40.

> ii.   *Appropriate Sanctions under Federal Rule of Civil Procedure
> 16(f) and Eastern District of Michigan Local Rule 11.1*

Dreamers' motion was not filed because of one unique instance, rather it

was filed because of a "pattern of plaintiff's or her counsel's, disregard of court

hearings and court rules concerning discovery."  (ECF No. 21, PageID.188).  In

addition to the discovery violations addressed above, the court agrees that the

pleadings reveal Sheffield's counsel engaged in a pattern of disregarding court

hearings and agreed upon dates, as well as a lack of regard for the time and

expenses incurred and expended by Dreamers' counsel and others.  Sheffield's

counsel failed to appear at two successive pretrial conferences: a scheduling

---

[3] Dreamers' counsel, Brian J. Farrar, is one of six attorneys with Sterling Attorneys at Law, P.C., a law firm located in Bloomfield Hills, MI.  *See* www.sterlingattorneys.com.  According to the State Bar of Michigan's 2023 "Economics of Law" Survey, the average billing rate for law firms with 4-6 attorneys is $300/hour, and the average billing rate for law firms in Oakland County, south of M59 is $325/hour.  As such, the court finds a rate of $325/hour is reasonable and appropriate.

conference on January 3, 2023, and a status conference on March 21, 2023, in violation of Fed. R. Civ. P. 16(f) and E.D. Mich. LR 16.1.  (*See* Minute Entry, January 3, 2023; Minute Entry, March 21, 2023).  This, in combination with the above-described conduct, led Dreamers' counsel to expend 15 hours filing the present motion, reviewing Sheffield's response brief, and filing a reply, amounting to $4,875 in legal fees.  (*See* ECF No. 21-4, PageID.206).  While Sheffield's counsel reports that the internal calendaring system issues with the staff at her law firm have since been resolved, her failure to appear on multiple occasions resulted in significant expenses that will be borne either by Dreamers or their counsel.  As such, consistent with the court's discretion under Fed. R. Civ. P. 16(f) and E.D. Mich. LR 11.1, along with E.D. Mich. 16, the firm Carla D. Aikens, P.L.C., is required to pay $4,875 in legal fees to Dreamers.

## IV.    CONCLUSION

For the reasons stated above, Dreamers' motion to dismiss for failure to prosecute and for sanctions is **GRANTED IN PART** and **DENIED IN PART.**  (ECF No. 16).  Sheffield's counsel of record, Carla D. Aikens and LaTasha Brownlee, are required to pay a total of $864.90 in costs and fees to Dreamers for a violation of Fed. R. Civ. P. 37.  Additionally, Carla D. Aikens, P.L.C. is required to pay $4,875 in

legal fees to Dreamers under Fed. R. Civ. P. 16(f), E.D. Mich. LR 11.1, and E.D.

Mich. LR 16.1(d).

**SO ORDERED**.

Date: March 21, 2024                    s/F. Kay Behm
                                        F. Kay Behm
                                        United States District Judge